(May 17, 1971)

In the Matter of MARIO TORRES, Petitioner, v. JOHN A. GALLUCCI, County Judge, Rockland County, Respondent.

Rabin, P. J., Hopkins, Munder and Martuscello, JJ., concur; Gulotta, J., dissents and votes to dismiss petition on the ground that the mere fact that petitioner is charged with a violation of article 220 of the Penal Law in and of itself makes an examination mandatory under section 207 of the Mental Hygiene Law. In this case petitioner, an accused marijuana seller, resists a physical examination pursuant to section 207 of the Mental Hygiene Law, claiming he has shown no symptoms of narcotic addiction. Thus, the issue is more clearly defined than in *People* v. *Olson* (36 A D 2d 966), where both sides agreed there had been such a showing. I agree that a person charged with a violation of article 220 of the Penal Law who also shows symptoms of addiction must be examined; but, for the reasons set forth in my dissent in *Olson,* I do not agree that he may be examined *only* when, in addition to the charge, he shows symptoms. In my opinion it is sufficient justification to order such an examination where the charge is a violation of article 220 of the Penal Law, without showing anything more.